Dear Mr. Clements:
This office is in receipt of your request for an opinion of the Attorney General in regard to contracts by the Port of South Louisiana with AACO Engineering. You indicate there are two types of contracts. One type is to provide consulting engineering services to evaluate and advise the Port on engineering matters; and the other requires them to provide engineering in conjunction with Transportation Trust Fund projects.
You state it is the concern of the Port Commission that it may be both unethical and possibly illegal for AACO as the engineering representative of the Port to evaluate and advise the Port as to the quality of their work as project engineers.
We find in accordance with R.S. 34:2473B(3) it provides the executive director of the port commission shall contract for legal, financial, engineering or other professional services necessary or expedient in the conduct of the Port's affairs. The Port has authority to construct and equip wharves, landings, sheds, basins, locks, canals, warehouses, elevators, terminal rail facilities, or other structures useful for the commerce of the Port area.
We do not find any legal prohibition against the engineering firm under contract as consultant acquiring contracts in conjunction with the Transportation Trust fund projects. Under R.S. 34:3457 the Transportation Trust Fund is designated as a source of state funds for any port project, and the Department of Transportation and Development shall stipulate with the port authority that the port authority furnish all engineering services for the project, including consultant engineering services. However, pursuant to R.S. 34:3459 the Department shall approve the engineering and construction plans for any proposed projects that are prepared by consultant or contract engineers for any recipient port authority, and may inspect the construction at any time to assure compliance. The Department is mandated to inspect a completed project with the consultant or contract engineer. Additionally, under R.S. 34:3460 each recipient authority shall adopt a system of administration which shall require approval of the Department for any expenditures made out of state and local matching funds and no funds shall be expended without the approval of the department.
It would appear under these provisions that there is statutory protection against any problem that could develop by having the Commission's consulting engineers also providing engineering services under the Transportation Trust Fund project by the overview required by the Department. We suggest also attention should be given to the earlier opinion rendered by this office regarding contracts for engineering services to the South Louisiana Port Commission, Atty. Gen. Op. No. 93-84.
Insofar as the ethics of the situation, this office does not issue opinions regarding any possible ethical violation but would suggest contacting the State Ethics Commission at 7434 Perkins Road, Suite B, Baton Rouge, La. 70808 for an opinion in this regard.
We hope this has sufficiently answered your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR